VERMONT HYDRO-ELECTRIC CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 59638. Promulgated February 2, 1934.

*Everett H. Maxcy, Esq.*, for the petitioner.
*Harold Allen, Esq.*, for the respondent.

### OPINION.

TRAMMELL: The petitioner contends that it was affiliated with the National Light, Heat & Power Co. during the period January 1 to March 31, 1926, and was affiliated with the Middle West Utilities Co. during the period April 1 to December 31, 1926. In support of its contention it urges that for the purpose of determining the question of affiliation its cumulative preferred stock is to be considered as nonvoting stock which was limited and preferred as to dividends. The respondent contends that the petitioner was not affiliated with either of the companies as contended by it and urges that the preferred stock of the petitioner is to be considered in determining the question of affiliation.

The Revenue Act of 1926 provides in part as follows:

SEC. 240. (a) Corporations which are affiliated within the meaning of this section may, for any taxable year, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. * * *

* * * * * * *

(d) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns at least 95 per centum of the stock of the other or others, or (2) if at least 95 per centum of the stock of two or more corporations is owned by the same interests. As used in this subdivision the term "stock" does not include nonvoting stock which is limited and preferred as to dividends. This subdivision shall be applicable to the determination of affiliation for the taxable year 1926 * * *.

While the parties have stipulated that all of the petitioner's outstanding common stock was owned by the National Light, Heat & Power Co. during the year 1926, the record is entirely silent as to the ownership of the petitioner's preferred stock during that year or as to the ownership of the stock of the National Light, Heat & Power Co. or of the stock of the Middle West Utilities Co. Since the petitioner has failed to establish any basis for a holding that it was affiliated with the Middle West Utilities Co., the respondent's action in determining that the two corporations were not affiliated during the period April 1 to December 31, 1926, is sustained.

There remains for determination the question of whether the petitioner and the National Light, Heat & Power Co. were affiliated for the three-month period ending March 31, 1926. During this period the National Light, Heat & Power Co. owned all of the 6,500 shares of the petitioner's outstanding common stock, while the 7,575 shares

of preferred stock were owned by some undisclosed party or parties and apparently other than the National Light, Heat & Power Co. If the preferred stock of the petitioner was "nonvoting stock which is limited and preferred as to dividends" within the meaning of such designation as used in the act, the petitioner and the National Light, Heat & Power Co. were affiliated corporations. If the preferred stock did not come within such designation as used in the act, then the two corporations were not affiliated, since the National Light, Heat & Power Co. owned less than 95 percent of the petitioner's total outstanding stock.

The controversy in *Pantlind Hotel Co.*, 23 B.T.A. 1207, involved the same provisions of the Revenue Act of 1926 as quoted above and presented a question somewhat the converse of that now under consideration. In that case the petitioner contended that it was entitled to file a consolidated return for the period January 1 to June 29, 1926, with another corporation, 99.55 percent of the common stock and 22.82 percent of the preferred stock of which it owned. Considering the two classes of stock together, the petitioner there owned only about 55.56 percent of the outstanding shares. The preferred stock had no voting rights except those provided by law. The statute of the state in which the other corporation was organized granted to the holders of the preferred stock an equal right with the holders of the common stock, share and share alike, to participate in the election of directors and control of the corporation when any dividend due on the preferred stock had remained unpaid for 60 days. Due to the omission of dividends in 1925 and the failure to resume them again, the holders of the preferred possessed and most of them exercised equal voting rights with the common stock during the period for which affiliation was sought. The petitioner there sought to have the amount of the outstanding preferred stock excluded for the purpose of determining affiliation. In denying the petitioner's contention we said:

We think the provisions of section 240 (d) of the Revenue Act of 1926 are both mandatory and explicit. By its terms "stock does not include nonvoting stock which is limited and preferred as to dividends." The definitions of affiliation and of "stock" given in this section were designed, we believe, to establish a definite inflexible standard, to remove the uncertainties and obviate the variables constantly impeding efficient administration of prior statutes governing affiliation. In our opinion, this is the only construction compatible with the purpose and the intent of the Congress in enacting the statute in the terms it used and in the light of previous legislation on the subject. We think that for any period under this statute during which a claim for affiliation is not predicated upon ownership of at least 95 percent of the actual outstanding voting stock, the claim must fail.

In the instant case it is agreed that the holders of the preferred stock were not entitled to vote it during 1926. If, as we held in

the *Pantlind Hotel* case, preferred stock which during a taxable period actually has voting rights is to be included for the purpose of determining affiliation for that period, then we think that preferred stock which during a taxable period did not have voting rights is not to be included in determining affiliation for such period. Since the preferred stock involved in the instant case did not have voting rights during the period in controversy, January 1 to March 31, 1926, it is not to be included as voting stock in determining affiliation.

The respondent urges that in determining whether the preferred stock was "nonvoting stock which is limited and preferred as to dividends" we should find that it was not limited as to dividends, since the preferred stock, after having received dividends of 7 percent in any calendar year and the common stock having received dividends of 10 percent, was entitled to share equally with the common stock in any additional dividends declared during the same calendar year. It is agreed that during 1926 the preferred stock did not participate in the earnings of the petitioner in excess of the ordinary dividend requirements, which were 7 percent. Under these circumstances we think the stock is, for the period in controversy, to be treated as stock limited as to dividends. The mere possibility that the stock in some particular taxable period might be entitled to dividends in excess of 7 percent no more makes it unlimited as to dividends than the possibility that in some particular taxable period it might be entitled to voting rights makes it voting stock. It is the situation actually existing during the period in controversy that is determinative and not a situation that might have existed upon the happening of a certain contingency.

In view of the foregoing we conclude that the petitioner and the National Light, Heat & Power Co. were affiliated during the period January 1 to March 31, 1926, and so hold. While the stipulated facts show that the National Light, Heat & Power Co. owned all of the petitioner's common stock throughout the year 1926 and that certain conditions respecting the petitioner's preferred stock during the period January 1 to March 31, 1926, likewise existed throughout the remainder of 1926, the petitioner has raised no issue as to whether it and that corporation were affiliated for the period April 1 to December 31, 1926; consequently, we express no opinion as to whether they were affiliated during such period.

At the hearing the parties agreed that if our decision should be for the respondent there is a deficiency in tax of $11,490.77 and that if it should be for the petitioner there is no deficiency. Since our decision is for the petitioner on one issue and the respondent on the other, a recomputation of the deficiency will be made accordingly.

*Judgment will be entered under Rule 50.*